UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| **ASA College, Inc.,** | : |
| | : Civil Action No. _____ |
| *Plaintiff,* | : **JURY TRIAL DEMANDED** |
| **v.** | : |
| **United States of America,** | : |
| *Defendant.* | : |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

## COMPLAINT

Pursuant to 26 U.S.C. § 7422, Plaintiff, ASA College, Inc., by and through its undersigned counsel, seeks a federal tax refund of its Employee Retention Credit ("ERC") for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, totaling $5,972,225.51, plus interest. In support of its Complaint against Defendant United States of America ("United States"), Plaintiff alleges and states the following:

### INTRODUCTION

1. Plaintiff brings this action to require the United States, acting through the Internal Revenue Service ("IRS"), to issue ERC refunds that Plaintiff claimed for certain tax periods during 2021.

2. On or about May 3, 2023, Plaintiff timely filed claims for ERC refunds on Forms 941-X for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021 (collectively, the "ERC Claims"). Copies of the ERC Claims are attached hereto as Exhibit A and incorporated herein.

3. The ERC Claims requested the following ERC refund amounts:

1

| Tax Period Ending | Amount of ERC Refund |
|---|---|
| March 31, 2021 | $1,905,811.57 |
| June 30, 2021 | $2,212,860.69 |
| September 30, 2021 | $1,853,553.25 |
| **Total** | **$5,972,225.51** |

4. Plaintiff's filing, and the IRS's receipt, of the ERC Claims was noted on Plaintiff's respective 2021 Form 941 tax account transcripts for the same quarterly tax periods (the "Tax Account Transcripts"). Copies of the Tax Account Transcripts are attached hereto as Exhibit B.

5. According to the Tax Account Transcripts, on or about August 7, 2023, the IRS initially issued refunds[1] in response to Plaintiff's ERC Claims. However, the IRS later canceled the payment of the ERC refunds without ever sending a Letter 105-C, Notice of Disallowance ("Notice of Disallowance") to Plaintiff disallowing Plaintiff's ERC Claims.

6. Plaintiff brings this claim for a refund of tax against the United States to require the United States to process and refund the ERC Claims and compensate the Taxpayer for any harm the IRS's failure to timely issue the ERC refunds has caused.

## THE PARTIES

7. Plaintiff, ASA College, Inc., is a domestic business corporation registered to do business in New York (DOS ID: 1858174). Plaintiff's physical address is 151 Lawrence Street, Brooklyn, NY, 11201, and its mailing address is 377 Ocean Terrace, Staten Island, New York, 10301.

---

[1] Although the IRS initially issued ERC refunds for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, Plaintiff never received the refund checks.

2

8. The Defendant is the United States of America, acting by and through the United States Treasury Department, its agency, the IRS, and its employees and agents.

**JURISDICTION & VENUE**

9. This Court has original jurisdiction to hear this case under 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(1), and 26 U.S.C. § 7422(a). Jurisdiction is proper for the following reasons:

   a. Plaintiff exhausted its administrative remedies by timely filing the ERC Claims, putting the IRS on notice of the legal and factual basis of the ERC Claims. Copies of the ERC Claims are attached hereto as <u>Exhibit B</u> and incorporated herein. In addition to the original issuance of the ERC refunds as identified on the Tax Account Transcripts, Plaintiff has received additional correspondence from the IRS acknowledging the IRS's receipt of each of the ERC Claims, as further addressed herein.

   b. Plaintiff made timely employment tax deposits and timely filed IRS Forms 941 with the appropriate IRS Service Center for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, and prior to filing the ERC Claims, Plaintiff had fully paid all employment taxes reported for such tax periods.

   c. Under IRC § 6532(a)(1), because it has been more than six (6) months since Plaintiff filed the ERC Claims, and because the IRS never issued a Notice of Disallowance with respect to the ERC Claims, Plaintiff timely filed[2] this suit for the recovery of the ERC refunds.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1402 because the Plaintiff maintains its principal place of business in Brooklyn, New York, and

---

[2] Even if the IRS mailed a Notice of Disallowance to Plaintiff at some point after the IRS issued the ERC refunds on August 7, 2023, as noted in the Tax Account Transcripts, this suit is still timely, as it has been less than two (2) years since that date.

substantially all relevant events or omissions giving rise to the underlying claims have occurred in this judicial district.

## PROCEDURAL BACKGROUND

*Employee Retention Credit Refund Claims*

11. As noted above, on or about May 3, 2023, Plaintiff filed the ERC Claims requesting ERC refunds totaling $5,972,225.51.

12. On or about August 7, 2023, the IRS issued the full amount of the aggregated ERC refund amounts set forth in the ERC Claims, plus interest, via separate checks made payable to ASA College, Inc. for each applicable quarterly tax period (the "ERC Refund Checks").

13. For unknown reasons, the IRS mailed the ERC Refund Checks for the tax periods ending March 31, 2021 (the "Q1 ERC Refund Check"), and June 30, 2021 (the "Q2 ERC Refund Check"), to the wrong mailing address. These ERC Refund Checks were later returned to the IRS as "undelivered" and reversed in the IRS's system.

14. On or about September 30, 2024, the IRS reissued the Q1 ERC Refund Check. However, the IRS then "canceled" the reissued Q1 ERC Refund Check as of the same date. Plaintiff never received the original or the reissued Q1 ERC Refund Check, and a Notice of Disallowance was never mailed[3] to Plaintiff or received by Plaintiff regarding its ERC Claim for the tax period ended March 31, 2021, or the "canceled" Q1 ERC Refund Check.

15. On or about November 25, 2024, the IRS reissued the Q2 ERC Refund Check. However, like the reissued Q1 ERC Refund Check, the IRS then "canceled" such Q2 ERC Refund Check as of the same date. Plaintiff never received the original or the reissued Q2 ERC Refund

---

[3] On July 10. 2025, counsel for the Plaintiff participated in a telephone call with IRS Practitioner Priority Service Line Representative Morgan (Badge # 1003555884). According to Representative Morgan, the IRS never provided a Notice of Disallowance to Plaintiff with respect to the ERC Claims.

Check, and a Notice of Disallowance was never mailed to Plaintiff or received by Plaintiff regarding its ERC Claim for the tax period ending June 30, 2021, or the "canceled" Q2 ERC Refund Check.

16. The ERC Refund Check for the tax period ending September 30, 2021 (the "Q3 ERC Refund Check"), was not returned to the IRS as "undelivered," and as explained in more detail below, it is believed that the Q3 ERC Refund Check was stolen and cashed by an unknown third-party.

17. On or about December 23, 2024, and more than a year after the Q3 ERC Refund Check was cashed by an unknown third party, the IRS "canceled" the Q3 ERC Refund Check. Because the Q3 ERC Refund Check was stolen and cashed by an unknown third party, the IRS is now claiming that Plaintiff is liable for repaying the Q3 ERC Refund Check proceeds, plus penalties and interest. Plaintiff never received the Q3 ERC Refund Check, a Notice of Disallowance was never mailed to Plaintiff or received by Plaintiff for the tax period ending September 30, 2021, and Plaintiff never received the "canceled" Q3 ERC Refund Check.

18. On or about October 31, 2024, an unknown third-party inquired with the IRS about Plaintiff's ERC Claims, and the ERC refunds requested therein, and submitted Forms 3911, Taxpayer Statement Regarding Refund, purportedly on behalf of Plaintiff regarding the same.

19. On or about June 5, 2025, the IRS mailed Letter 387C ("Letter 387C") to Plaintiff regarding its ERC Claim for the tax period ending June 30, 2021. Letter 387C stated that "Our records show that you are not due a refund for the June 30, 2021, tax period." Letter 672C did not provide an explanation for the denied refund, nor did the letter mention Plaintiff's rights with respect to appealing the IRS's actions or filing a refund suit in federal court, or the time period in

5

which Plaintiff must exercise any such rights with respect to its ERC Claim for the tax period ending June 30, 2021. A copy of Letter 387C is attached hereto as <u>Exhibit C</u>.

20. On or about June 9, 2025, the IRS mailed Letter 206C ("Letter 206C") to Plaintiff regarding its ERC Claim for the tax period ending September 30, 2021. Letter 206C stated "We received your completed Form 3911 . . . and reviewed your account. We have enclosed a copy of the cashed refund check that you inquired about." A copy of Letter 206C is attached hereto as <u>Exhibit D</u>.

21. On or about June 11, 2025, the IRS mailed Letter 672C ("Letter 672C") to Plaintiff regarding its ERC Claim for the tax period ending March 31, 2021. Letter 672C stated that "Our records show that a refund . . . has been applied back to your account." Letter 672C did not provide an explanation for the canceled refund, nor did the letter mention Plaintiff's rights with respect to appealing the IRS's actions or filing a refund suit in federal court, or the time period in which Plaintiff must exercise any such rights with respect to its ERC Claim for the tax period ending March 31, 2021. A copy of Letter 672C is attached hereto as <u>Exhibit E</u>.

22. Because Plaintiff never received or cashed the Q3 ERC Refund Check, Plaintiff responded to Letter 206C by submitting a signed declaration, a signed affidavit, and a completed Form 13818, Claim Against the United States for the Proceeds of an Internal Revenue Refund Check (collectively, the "Form 13818 Submission"). A copy of the Form 13818 Submission is attached hereto as <u>Exhibit F</u>.

## FACTUAL BACKGROUND

### *ASA COLLEGE, INC.*

23. During 2021, Plaintiff was a private for-profit college based in New York City that provided its students higher education opportunities in the areas of business administration, health

disciplines, legal studies, and computer technology. Plaintiff offered its students the chance to earn associates degrees, bachelor's degrees, and professional certificates.

24. In 2021, Plaintiff had an average of 490 full-time faculty and staff; an average quarterly payroll of over $4 million; and an average quarterly employment tax obligation of nearly $1 million.

## THE CARES ACT

25. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27, 2020, provided an ERC that was designed to encourage eligible employers to keep employees on their payroll despite experiencing an economic hardship related to the COVID Pandemic.

26. Generally, eligible employers were businesses with operations that had been fully or partially suspended due to governmental orders due to COVID-19 or that had a significant decline in gross receipts compared to 2019.

27. The ERC provided eligible employers with a tax credit against certain employment taxes between March 13, 2020, and December 31, 2020. The credit was refundable, which means the eligible employers could receive payment of the portion of the credit that exceeded certain employment taxes that were due.

28. To be eligible, the employer had to 1) have a full or partial suspension of operations due to a government order due to COVID-19 during any quarter in 2020, or 2) have a significant decline in gross receipts, defined, in part, as gross receipts that were less than 50% of gross receipts for the same calendar quarter in 2019.

29. The wage amount eligible for the credit was 50% of qualified wages. For employers with greater than 100 average full-time employees in 2019, wages paid to employees not providing services were qualified wages.

30. The maximum ERC available to eligible employers was $5,000 per employee in 2020.

### RELIEF ACT OF 2021

31. The Relief Act of 2021 extended the periods for which a taxpayer could claim the ERC to January 1, 2021, through June 30, 2021, while also changing the eligibility requirements to define a decline in gross receipts as a quarter where gross receipts were less than 80% of the same quarter in 2019.

32. The wage amount eligible for the credit in 2021 was 70% of qualified wages. In 2021, for employers with 500 or fewer average full-time employees in 2019, wages paid to employees providing services and not providing services were qualified wages.

33. This legislation increased the maximum ERC to $7,000 per employee per quarter in 2021.

### AMERICAN RESCUE PLAN ACT OF 2021

34. The American Rescue Plan Act of 2021 extended the periods for which a taxpayer could claim the ERC to July 1, 2021, through December 31, 2021, while also limiting availability of the ERC in the tax period ending December 31, 2021, to only recovery startup businesses.

35. The College was not a recovery startup business and did not file a 2021 Form 941-X to claim an ERC refund for the tax period ending December 31, 2021.

36. The wage amount eligible for the credit during the tax period ending September 30, 2021, remained at 70% of qualified wages.

37. This legislation maintained the maximum ERC to $7,000 per employee for the tax period ending September 30, 2021, for employers that were not recovery startup businesses.

### *EXCEL365 LLC*

38. In April 2023, Alex Shchegol, as the sole owner of Plaintiff, engaged Excel365 LLC and Bradley Blessing, a former CPA, on behalf of Plaintiff to review Plaintiff's 2019 and 2021 payroll and financial documentation and calculate the amount of ERC for which Plaintiff was qualified.

39. Excel365 LLC estimated Plaintiff's total ERC refund for all eligible tax periods during 2021 to be $5,804,127. A copy of the "Employee Retention Credit Estimate & Next Steps" that Excel365 LLC prepared for Plaintiff is attached as Exhibit G.

40. Excel365 LLC prepared Plaintiff's ERC Claims as filed.

41. Mr. Blessing signed Plaintiff's ERC Claims, as filed.

42. Mr. Shchegol signed the ERC Claims, as filed, on behalf of, and as the sole owner of, Plaintiff.

### CAUSES OF ACTION

### COUNT 1: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 03/31/2021)

43. Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

44. Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $1,905,811.57 for the tax period ending March 31, 2021.

45. Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending March 31, 2021, and such cancellation was in error.

46. Defendant denied Plaintiff's ERC Claim for the tax period ending March 31, 2021, and such denial was in error.

47. Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending March 31, 2021, had been denied.

48. Although Plaintiff has demanded payment of the ERC refund for the tax period ending March 31, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

49. Plaintiff has been damaged by Defendant's conduct.

50. Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $1,905,811.57 as claimed in its ERC Claim for the tax period ending March 31, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

## COUNT 2: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 06/30/2021)

51. Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

52. Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $2,212,860.69 for the tax period ending June 30, 2021.

53. Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending June 30, 2021, and such cancellation was in error.

54. Defendant denied Plaintiff's ERC Claim for the tax period ending June 30, 2021, and such denial was in error.

55. Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending June 30, 2021, had been denied.

56. Although Plaintiff has demanded payment of the ERC refund for the tax period ending June 30, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

57. Plaintiff has been damaged by Defendant's conduct.

58. Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $2,212,860.69 as claimed in its ERC Claim for the tax period ending June 30, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

### COUNT 3: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 09/30/2021)

59. Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

60. Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $1,853,553.25 for the tax period ending September 30, 2021.

61. Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending September 30, 2021, and such cancellation was in error.

62. Defendant denied Plaintiff's ERC Claim for the tax period ending September 30, 2021, and such denial was in error.

63. Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending September 30, 2021, had been denied.

64. Although Plaintiff has demanded payment of the ERC refund for the tax period ending September 30, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

65. Plaintiff has been damaged by Defendant's conduct.

66. Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $1,853,553.25 as claimed in its ERC Claim for the tax period ending September 30, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ASA College, Inc., respectfully requests this Court to enter judgment in its favor and to order the following relief against Defendant the United States of America:

A. Order Defendant to pay Plaintiff an ERC refund in the amount of $1,905,811.57 as claimed in Plaintiff's ERC Claim for the tax period ending March 31, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

B. Order Defendant to pay Plaintiff an ERC refund in the amount of $2,212,860.69 as claimed in Plaintiff's ERC Claim for the tax period ending June 30, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

C. Order Defendant to pay Plaintiff an ERC refund in the amount of $1,853,553.25 as claimed in Plaintiff's ERC Claim for the tax period ending September 30, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

D. Award Plaintiff reasonable costs associated with this action, including attorneys' fees and such other expenses as allowed by law and as this Court deems appropriate; and

E. Grant Plaintiff such other relief to which the Plaintiff may be entitled or as this Court deems appropriate.

Dated: August 7, 2025
      New York, New York

                                    **FROST BROWN TODD LLP**

                                    */s/ Michael P. Richter*

Michael P. Richter
205 E. 42nd Street, Suite 1900
New York, New York 10017
Tel.: (914) 924-2938
Fax: (332) 207-4599
mrichter@fbtlaw.com

Robert C. Webb (*pro hac vice forthcoming*)
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
Tel.: (502) 568-0313
Fax: (502) 581-1087
bwebb@fbtlaw.com

Justin L. Yarnell (*pro hac vice forthcoming*)
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Tel.: (614) 559-7288
Fax: (614) 464-1737
jyarnell@fbtlaw.com

*Attorneys for Plaintiff ASA College, Inc.*

0160089.0801404   4931-7042-5947v1