**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------- :
ASA College, Inc.                                 :
                                                  :   Civil Action No. 25-CV-4412-DG-PCG
                     Plaintiff,                   :
                                                  :
v.                                                :
                                                  :
United States of America,                         :
                                                  :
                     Defendant.                   :
------------------------------------------------- :


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE**
**WITH NON-PARTY SUBPOENA AGAINST BPATTON CORP.**


Michael P. Richter, Esq.
FBT Gibbons LLP
1 Pennsylvania Plaza, Ste. 4515
New York, New York 10119
Tel.: (914) 924-2938
mrichter@fbtgibbons.com

*Attorneys for Plaintiff ASA College, Inc.*


Dated: June 22, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

BACKGROUND ........................................................................................................1

ARGUMENT .............................................................................................................2

I.    THE SUBPOENA IS PROPER AND SEEKS RELEVANT INFORMATION ................2

II.   BPATTON WAIVED ITS RIGHT TO OBJECT TO THE SUBPOENA .........................2

III.  THE COURT SHOULD COMPEL BPATTON TO COMPLY WITH THE SUBPOENA...3

CONCLUSION............................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*Beruashvili v. Hobart Corp.*, 2006 WL 2289199 (E.D.N.Y. Aug. 8, 2006)....................................3

*Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161 (S.D.N.Y. 2011) .....................................................3

*Freund v. Weinstein*, 2009 WL 4065585 (E.D.N.Y. Nov. 23, 2009)...............................................4

*Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*,
   2023 WL 1967575 (E.D.N.Y. Feb. 10, 2023) .....................................................................2, 4

*Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463 (E.D.N.Y. Aug. 12, 2009).......................3

**Rules**

Federal Rule of Civil Procedure 26(b)(1) .................................................................................2

Federal Rule of Civil Procedure 45 ......................................................................................2, 3

Plaintiff submits this memorandum in support of its motion (the "Motion") pursuant to Federal Rule of Civil Procedure ("FRCP") 45 to compel compliance with the non-party subpoena (the "Subpoena") against BPatton Corp. ("BPatton").[1]

## BACKGROUND

Plaintiff commenced this action to obtain ERC refunds from Defendant for certain tax periods. Plaintiff believes that information critical to resolving or narrowing this dispute is in the possession, custody or control of non-party BPatton. Specifically, and as set forth in the Complaint, in April 2023, Alex Shchegol, as the sole owner of Plaintiff, engaged Excel365 LLC and Bradley Blessing, a former CPA, on behalf of Plaintiff to review Plaintiff's 2019 and 2021 payroll and financial documentation and calculate the amount of ERC for which Plaintiff was qualified and Mr. Blessing signed Plaintiff's ERC claims. (*See* ECF No. 1 ¶¶ 38, 41.) Plaintiff served a Subpoena on BPatton on March 30, 2026. (Ex. 1, the "Subpoena"). The Subpoena had ten discrete requests relevant to the claims in this action.

BPatton never objected to the Subpoena. Rather, on April 24, 2026, BPatton produced documents in response to the Subpoena. Nevertheless, Plaintiff identified several categories of documents that BPatton did not produce and wrote to Mr. Blessing, BPatton's principal, requesting an opportunity to discuss the missing documents. (Ex. 2.) Plaintiff's counsel and Mr. Blessing spoke on May 28, 2026, and in that call Mr. Blessing confirmed that BPatton had additional documents responsive to the Subpoena and that he would produce them on BPatton's behalf in the first week of June 2026. Despite repeated follow-ups, Mr. Blessing has not produced any additional documents on behalf of BPatton, forcing Plaintiff to bring this Motion. Defense counsel has

---

1 All exhibits referenced herein are annexed to the Declaration of Michael P. Richter filed contemporaneously with this Memorandum of Law (the "Richter Decl.").

1

advised that it takes no position on the relief requested in this Motion. (*See* Richter Decl.)

## ARGUMENT

### I.    THE SUBPOENA IS PROPER AND SEEKS RELEVANT INFORMATION

FRCP 45 sets forth the process for a party to obtain information from non-parties via subpoenas. This rule provides that a party may subpoena documents, electronically stored information, or tangible things in a non-party's possession. FRCP 45(a)(1)(A)(iii). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 WL 1967575, at \*4 (E.D.N.Y. Feb. 10, 2023). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FRCP 26(b)(1). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Dinesh Verma Med.*, 2023 WL 1967575, at \*4. In addition, Rule 45(b)(2) allows a party to serve subpoenas "at any place within the United States."

As shown by the Proof of Service filed with this Motion, Plaintiff personally served BPatton with the Subpoena on March 30, 2026. (Ex. 1.) The documents sought from BPatton in the Subpoena are directly relevant to the allegations in this case because the Subpoena seeks documents related to Plaintiff's ERC refunds. Plus, BPatton has acknowledged that it has documents responsive to the Subpoena that it did not produce. (Richter Decl. ¶ 7.) Accordingly, the Subpoena seeks documents that are directly relevant and material to this case. *See Dinesh Verma Med.*, 2023 WL 1967575, at \*4.

### II.    BPATTON WAIVED ITS RIGHT TO OBJECT TO THE SUBPOENA

Objections to a subpoena must be served before the earlier of the time specified for compliance or fourteen days after the subpoena is served. *See* FRCP 45(d)(2)(B). Here, despite the Subpoena being

2

served on March 30, 2026, BPatton failed to serve any objections prior to the time for compliance. "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *see also Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("[i]t is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available.").

Here, far from objecting, BPatton complied with the Subpoena in part by producing certain documents. However, BPatton has acknowledged that it has additional documents responsive to the Subpoena that it did not produce, has ignored repeated follow-ups by Plaintiff and has not provided any reason for non-compliance with the Subpoena. (Richter Decl. ¶¶ 6-8.)

## III.    THE COURT SHOULD COMPEL BPATTON TO COMPLY WITH THE SUBPOENA

BPatton confirmed it has additional documents responsive to the Subpoena that it has not produced. (Richter Decl. ¶¶ 6-8.) Plaintiff has made repeated efforts to obtain compliance from BPatton but BPatton has not complied and has not provided any reason for its non-compliance. (Richter Decl. ¶¶ 6-8.) Importantly, FRCP 45(d)(2)(B)(i) states as follows: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FRCP 45(d)(2)(B)(i). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.*, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment); *see also Dinesh Verma Med.*, 2023 WL 1967575, at *5 (ordering non-parties to produce documents identified in subpoena); *Freund v.*

3

*Weinstein*, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance).

## CONCLUSION

Accordingly, Plaintiff requests that the Court order BPatton to comply with the Subpoena.

DATED: June 22, 2026
     New York, New York

FBT GIBBONS LLP

By: */s/ Michael P. Richter*
    Michael P. Richter, Esq.
    1 Pennsylvania Plaza, Suite 4515
    New York, New York 10119
    Tel.: (914) 924-2938
    mrichter@fbtgibbons.com

*Attorneys for Plaintiff ASA College, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney duly admitted to practice before this Court, hereby certifies under penalty of perjury that on June 22, 2026, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court. I further certify that on June 22, 2026, I will serve a copy of the foregoing document on the following individuals/entities via electronic mail and United States Mail, Postage Prepaid:

> BPatton Corp.
> 301 County Road 266
> Georgetown, Texas 78628
> Attn: Bradley Blessing (brad@blessingcpa.com)

Dated: June 22, 2026
     New York, New York

> */s/ Michael P. Richter*
> Michael P. Richter
> FBT GIBBONS LLP
> 1 Pennsylvania Plaza, Suite 4515
> New York, New York 10119
> Tel.: (914) 924-2938
> mrichter@fbtgibbons.com
>
> *Attorneys for Plaintiff*
> *ASA College, Inc.*

6