# EXHIBIT 1

[Subpoena to BPatton Corp.,
with Proof of Service]

CAUSE NO. 1:25-cv-4412-DG-PCG

| | | |
|---|---|---|
| ASA College, Inc. | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | EASTERN DISTRICT OF NEW YORK, |
| | § | |
| United States of America | § | |
| Defendant. | § | UNITED STATES DISTRICT COURT |

## RETURN OF SERVICE

"The following came to hand on **March 19, 2026, 12:05 PM,**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION WITH SCHEDULE A, LOCAL RULE 26.3, COMPLAINT AND NOTICE OF SUBPOENA DUCES TECUM,**

and was executed at **9442 Capital of Texas Highway Building 1, 1st Floor Lobby, Austin, TX 78759** within the county of **Travis** at **10:24 AM** on **Monday, March 30, 2026,** by delivering a true copy to the within named

**BPATTON CORP. FORMERLY KNOWN AS BRADLEY P. BLESSING CPA, PC**
**By delivering to Registered Agent, BRADLEY P. BLESSING**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Jason O'Connell,** I am at least 18 years old, and my address is **2655 Ranch Road 1869, #1769, Liberty Hill, TX 78642,** and **United States of America.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Williamson** County, State of **Texas,** on **March 30, 2026.**

_Jason O'Connell_

Jason O'Connell
Certification Number: PSC-14056
Certification Expiration: April 30, 2026

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| ASA College, Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:25-cv-4412-DG-PCG |
| United States of America | ) | |
| | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     BPatton Corp., formerly known as Bradley P. Blessing CPA, PC
301 County Road 266, Georgetown, TX 78628 C/O Bradley P. Blessing, Registered Agent

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      See attached Schedule A

| Place: 1 Pennsylvania Plaza, Floor 45<br>Suite 4515<br>New York, NY 10119 | Date and Time:<br><br>04/24/2026 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/19/2026

|  _CLERK OF COURT_ | | |
|---|---|---|
| | OR | /s/ Michael P. Richter |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
ASA College, Inc. _____ , who issues or requests this subpoena, are:
Michael P. Richter; FBT Gibbons LLP, 1 Pennsylvania Plaza, Floor 45, Suite 4515, New York, NY 10119;
mrichter@fbtgibbons.com; (914) 924-2938

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-4412-DG-PCG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff ASA College, Inc. ("Plaintiff") hereby requests that BPatton Corp. produce the Documents requested in the Requests for Production of Documents (the "Requests" and each, a "Request") set forth below. The Requests are addressed to the knowledge, information or Documents in the possession, custody, or control of BPatton Corp. and its past and present members, partners, shareholders, associates, employees, officers, directors, investigators, representatives, accountants, consultants, and other agents.

Production and inspection of Documents pursuant to these Requests shall be provided electronically on or before April 24, 2026, to FBT Gibbons LLP, located at 1 Pennsylvania Plaza, Floor 45, Suite 4515, New York, New York 10119, by sending them via email to Justin Yarnell (jyarnell@fbtgibbons.com), Hannah Black (hblack@fbtgibbons.com) and Soo Kim (sheekim@fbtgibbons.com).

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Produce any and all Documents concerning Plaintiff's ERC Claims, including ERC Calculations and ERC Claim Analysis.

### REQUEST NO. 2

Produce Plaintiff's 2019-2021 originally filed and amended corporate income tax returns, Forms 1120-S, and any workpapers or Documents supporting tax adjustments made to the same.

1

**REQUEST NO. 3**

Produce Plaintiff's 2019-2021 originally filed and amended quarterly employment tax returns, Forms 941 and Forms 941-X, and Documents concerning the same.

**REQUEST NO. 4**

Produce Documents sufficient to show all Persons involved with Plaintiff's ERC Claims known to You.

**REQUEST NO. 5**

Produce Documents sufficient to show any and all financial transactions concerning the ERC Claims.

**REQUEST NO. 6**

Produce Documents sufficient to show any and all fee arrangements concerning the ERC Claims between (i) You and Plaintiff and (ii) Plaintiff and any other party.

**REQUEST NO. 7**

Produce Documents sufficient to show (i) Plaintiff's payroll data showing the number of Plaintiff's employees employed during 2019-2021; (ii) the total wages, taxes, and benefits paid by Plaintiff on behalf of each of Plaintiff's employees in 2019-2021; and (iii) the position and job description of each employee who was employed by Plaintiff at any time in or between 2019-2021.

**REQUEST NO. 8**

Produce Documents sufficient to show Plaintiff's 2019-2021 year-end and quarterly financial statements, including income statements and balance sheets.

**REQUEST NO. 9**

Produce Documents sufficient to show Plaintiff's 2019-2021 accounting records, including general ledgers detailing all income, expense, and balance sheet accounts.

**REQUEST NO. 10**

To the extent not covered by any other Request, produce all Communications concerning Plaintiff between You and any of the following between 2021 and 2025:

1.    Plaintiff.

2.    The Defendant the United States of America, including the Internal Revenue Service and the United States Department of Treasury.

3.    Any other federal or state government agency.

4.    Alex Shchegol.

5.    Jose Valencia.

6.    Ellen Moskowitz.

7.    Excel365 LLC.

8.    Richard Diep.

9.    R&D Capital Strategies LLC, and

10.    JPMorgan Chase Bank, N.A.

## DEFINITIONS

In addition to the uniform definitions provided in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), which are incorporated herein by reference and which are enclosed with this Subpoena, the following definitions apply to the Requests:

1.    "Alex Shchegol" means Alex Shchegol, the owner of Plaintiff.

2.     "Ellen Moskowitz" means Ellen Moskowitz, the owner of Excel365 LLC.

3.     "Excel365 LLC" means Excel365 LLC and its past and present officers, directors, employees, partners, members, shareholders, corporate parent, subsidiaries, affiliates and any Person acting on its behalf.

4.     "Case" means the case captioned *ASA College, Inc. v. United States of America*, Case No. 1:25-cv-4412-DG-PCG, pending in the United States District Court of the Eastern District of New York.

5.     "Complaint" means the Complaint filed in this Case at ECF No. 1 and which is enclosed with this Subpoena.

6.     "Employee Retention Credit" and "ERC" mean "Employee Retention Credit" as that term is used in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27, 2020, including any amendments to the CARES Act enacted in the Relief Act of 2021 and the American Rescue Plan Act of 2021.

7.     "ERC Calculations" mean the Documents in which the amounts of ERC Claims were calculated, including the amount of qualified wages paid by Plaintiff in Q1, Q2, and Q3 of 2021 and proof for how the amounts of ERC Claims for the same periods were derived.

8.     "ERC Claim Analysis" means Documents concerning any analysis for ERC Claims conducted by You for Plaintiff for the first three quarters of 2021. For the avoidance of doubt, this includes Documents showing that Plaintiff (i) had a full or partial suspension of operations due to a government order due to COVID-19 during each quarter of 2021, or (ii) Plaintiff had a decline in gross receipts in each quarter of 2021, defined, in part, as gross receipts that were less than 80% of gross receipts for the same calendar quarter in 2019.

9.      "ERC Claims" has the same meaning as the term "ERC Claims" as used in the Complaint filed in the above captioned Case. (*See* Compl. ¶ 2.)

10.     "Jose Valencia" means Jose Valencia, the Plaintiff's former CEO.

11.     "JPMorgan Chase Bank, N.A." means JPMorgan Chase Bank, N.A.

12.     "R&D Capital Strategies LLC" means R&D Capital Strategies LLC and its past and present officers, directors, employees, partners, members, corporate parent, subsidiaries, affiliates and any Person acting on its behalf.

13.     "Richard Diep" means Richard Diep, the Managing Partner of R&D Capital Strategies LLC.

14.     "You," and "Your," mean BPatton Corp., formerly known as Bradley P. Blessing CPA, PC, and its past and present officers, directors, employees, partners, members, shareholders, corporate parent, subsidiaries, affiliates and any Person acting on its behalf.

15.     The term "including" does not limit the scope of the Request and shall be construed as meaning including, but not limited to.

## INSTRUCTIONS

The following instructions apply to the Requests and are deemed to be incorporated in each of them.

1.      The rules of construction set forth in Local Civil Rule 26.3(d) are incorporated herein by reference and apply to the Requests.

2.      Except as required by a specific Request, You shall produce any and all Documents in Your possession, custody or control made or dated on or between January 1, 2019, and May 31, 2023.

3.     Each requested Document shall be produced in its entirety. If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4.     If You object to any part of a Request and refuse to produce Documents on the basis of that objection, You shall state Your objection, state You are refusing to produce Documents responsive to that part of the Request on the basis of such objection, and produce all Documents responsive to the remaining part of the Request to which You do not object.

5.     If any responsive Document, once in Your possession, custody, or control, is no longer in Your possession, custody, or control, state whether it is: (a) missing, lost, or destroyed; (b) otherwise disposed of; or (c) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such transfer.

6.     If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if it is otherwise responsive to of the Requests.

7.     The Requests require production of all responsive Documents that are in Your possession, custody, or control, including the possession, custody or control of Your members, agents, representatives, employees, attorneys, or other persons acting or purporting to act on Your behalf.

8.     If any privilege is claimed with respect to any Document, the production of which would otherwise be required in Your response to any of the Requests, You shall provide the information set forth in Local Civil Rule 26.2 with respect to each such Document at the time of Your responses to the Requests.

9.      The Requests shall be deemed continuing so as to require further and supplemental production in the event that You obtain or discover additional Documents between the time of initial production and the time of a trial in this Case.

10.     All files provided in response to this Request shall be provided in native form.

11.     Plaintiff's counsel is available to meet and confer with You. If You wish to meet and confer, please contact (or have Your attorney contact if You are represented by counsel) Justin Yarnell at jyarnell@fbtgibbons.com.

# Local Rule 26.3

Joint Local Rules, S.D.N.Y. and E.D.N.Y.
Effective January 2, 2026

## Local Civil Rule 26.3. Uniform Definitions in Discovery Requests

(a)  The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule does not preclude:

    (1)  the definition of other terms specific to the particular litigation,

    (2)  the use of abbreviations, or

    (3)  a narrower definition of a term defined in paragraph (c).

(b)  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c)  The following definitions apply to all discovery requests:

    (1)  Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (2)  Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    (3)  Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    (4)  Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may

27

produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5)    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person. The term "person" is defined as any natural person or any legal entity, including, without limit, any business or governmental entity or association.

(7)    Concerning. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

(d)    The following rules of construction apply to all discovery requests:

(1)    All/Any/Each. The terms "all," "any," and "each" must each be construed as encompassing any and all.

(2)    And/Or. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3)    Number. The use of the singular form of any word includes the plural and vice versa.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

**Local Civil Rule 26.4. Cooperation Among Counsel in Discovery [formerly Local Civil Rules 26.5 and 26.7]**

(a)    Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures.

# Complaint

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------

ASA College, Inc.,                                :

                                                  :  Civil Action No. _____

                          *Plaintiff,*            :  **JURY TRIAL DEMANDED**

v.                                                :

United States of America,                         :

                          *Defendant.*            :

---------------------------------

## COMPLAINT

Pursuant to 26 U.S.C. § 7422, Plaintiff, ASA College, Inc., by and through its undersigned counsel, seeks a federal tax refund of its Employee Retention Credit ("ERC") for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, totaling $5,972,225.51, plus interest. In support of its Complaint against Defendant United States of America ("United States"), Plaintiff alleges and states the following:

### INTRODUCTION

1.      Plaintiff brings this action to require the United States, acting through the Internal Revenue Service ("IRS"), to issue ERC refunds that Plaintiff claimed for certain tax periods during 2021.

2.      On or about May 3, 2023, Plaintiff timely filed claims for ERC refunds on Forms 941-X for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021 (collectively, the "ERC Claims"). Copies of the ERC Claims are attached hereto as Exhibit A and incorporated herein.

3.      The ERC Claims requested the following ERC refund amounts:

| Tax Period Ending | Amount of ERC Refund |
|---|---|
| March 31, 2021 | $1,905,811.57 |
| June 30, 2021 | $2,212,860.69 |
| September 30, 2021 | $1,853,553.25 |
| **Total** | **$5,972,225.51** |

4.    Plaintiff's filing, and the IRS's receipt, of the ERC Claims was noted on Plaintiff's respective 2021 Form 941 tax account transcripts for the same quarterly tax periods (the "Tax Account Transcripts"). Copies of the Tax Account Transcripts are attached hereto as Exhibit B.

5.    According to the Tax Account Transcripts, on or about August 7, 2023, the IRS initially issued refunds[1] in response to Plaintiff's ERC Claims. However, the IRS later canceled the payment of the ERC refunds without ever sending a Letter 105-C, Notice of Disallowance ("Notice of Disallowance") to Plaintiff disallowing Plaintiff's ERC Claims.

6.    Plaintiff brings this claim for a refund of tax against the United States to require the United States to process and refund the ERC Claims and compensate the Taxpayer for any harm the IRS's failure to timely issue the ERC refunds has caused.

## THE PARTIES

7.    Plaintiff, ASA College, Inc., is a domestic business corporation registered to do business in New York (DOS ID: 1858174). Plaintiff's physical address is 151 Lawrence Street, Brooklyn, NY, 11201, and its mailing address is 377 Ocean Terrace, Staten Island, New York, 10301.

---

[1] Although the IRS initially issued ERC refunds for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, Plaintiff never received the refund checks.

8.     The Defendant is the United States of America, acting by and through the United States Treasury Department, its agency, the IRS, and its employees and agents.

## JURISDICTION & VENUE

9.     This Court has original jurisdiction to hear this case under 28 U.S.C. § 1331, 28 U.S.C. § 1346(a)(1), and 26 U.S.C. § 7422(a). Jurisdiction is proper for the following reasons:

a.     Plaintiff exhausted its administrative remedies by timely filing the ERC Claims, putting the IRS on notice of the legal and factual basis of the ERC Claims. Copies of the ERC Claims are attached hereto as <u>Exhibit B</u> and incorporated herein. In addition to the original issuance of the ERC refunds as identified on the Tax Account Transcripts, Plaintiff has received additional correspondence from the IRS acknowledging the IRS's receipt of each of the ERC Claims, as further addressed herein.

b.     Plaintiff made timely employment tax deposits and timely filed IRS Forms 941 with the appropriate IRS Service Center for the tax periods ending March 31, 2021, June 30, 2021, and September 30, 2021, and prior to filing the ERC Claims, Plaintiff had fully paid all employment taxes reported for such tax periods.

c.     Under IRC § 6532(a)(1), because it has been more than six (6) months since Plaintiff filed the ERC Claims, and because the IRS never issued a Notice of Disallowance with respect to the ERC Claims, Plaintiff timely filed[2] this suit for the recovery of the ERC refunds.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1402 because the Plaintiff maintains its principal place of business in Brooklyn, New York, and

---

[2] Even if the IRS mailed a Notice of Disallowance to Plaintiff at some point after the IRS issued the ERC refunds on August 7, 2023, as noted in the Tax Account Transcripts, this suit is still timely, as it has been less than two (2) years since that date.

substantially all relevant events or omissions giving rise to the underlying claims have occurred in this judicial district.

## PROCEDURAL BACKGROUND

*Employee Retention Credit Refund Claims*

11.     As noted above, on or about May 3, 2023, Plaintiff filed the ERC Claims requesting ERC refunds totaling $5,972,225.51.

12.     On or about August 7, 2023, the IRS issued the full amount of the aggregated ERC refund amounts set forth in the ERC Claims, plus interest, via separate checks made payable to ASA College, Inc. for each applicable quarterly tax period (the "ERC Refund Checks").

13.     For unknown reasons, the IRS mailed the ERC Refund Checks for the tax periods ending March 31, 2021 (the "Q1 ERC Refund Check"), and June 30, 2021 (the "Q2 ERC Refund Check"), to the wrong mailing address. These ERC Refund Checks were later returned to the IRS as "undelivered" and reversed in the IRS's system.

14.     On or about September 30, 2024, the IRS reissued the Q1 ERC Refund Check. However, the IRS then "canceled" the reissued Q1 ERC Refund Check as of the same date. Plaintiff never received the original or the reissued Q1 ERC Refund Check, and a Notice of Disallowance was never mailed[3] to Plaintiff or received by Plaintiff regarding its ERC Claim for the tax period ended March 31, 2021, or the "canceled" Q1 ERC Refund Check.

15.     On or about November 25, 2024, the IRS reissued the Q2 ERC Refund Check. However, like the reissued Q1 ERC Refund Check, the IRS then "canceled" such Q2 ERC Refund Check as of the same date. Plaintiff never received the original or the reissued Q2 ERC Refund

---

[3] On July 10. 2025, counsel for the Plaintiff participated in a telephone call with IRS Practitioner Priority Service Line Representative Morgan (Badge # 1003555884). According to Representative Morgan, the IRS never provided a Notice of Disallowance to Plaintiff with respect to the ERC Claims.

Check, and a Notice of Disallowance was never mailed to Plaintiff or received by Plaintiff regarding its ERC Claim for the tax period ending June 30, 2021, or the "canceled" Q2 ERC Refund Check.

16.     The ERC Refund Check for the tax period ending September 30, 2021 (the "Q3 ERC Refund Check"), was not returned to the IRS as "undelivered," and as explained in more detail below, it is believed that the Q3 ERC Refund Check was stolen and cashed by an unknown third-party.

17.     On or about December 23, 2024, and more than a year after the Q3 ERC Refund Check was cashed by an unknown third party, the IRS "canceled" the Q3 ERC Refund Check. Because the Q3 ERC Refund Check was stolen and cashed by an unknown third party, the IRS is now claiming that Plaintiff is liable for repaying the Q3 ERC Refund Check proceeds, plus penalties and interest. Plaintiff never received the Q3 ERC Refund Check, a Notice of Disallowance was never mailed to Plaintiff or received by Plaintiff for the tax period ending September 30, 2021, and Plaintiff never received the "canceled" Q3 ERC Refund Check.

18.     On or about October 31, 2024, an unknown third-party inquired with the IRS about Plaintiff's ERC Claims, and the ERC refunds requested therein, and submitted Forms 3911, Taxpayer Statement Regarding Refund, purportedly on behalf of Plaintiff regarding the same.

19.     On or about June 5, 2025, the IRS mailed Letter 387C ("Letter 387C") to Plaintiff regarding its ERC Claim for the tax period ending June 30, 2021. Letter 387C stated that "Our records show that you are not due a refund for the June 30, 2021, tax period." Letter 672C did not provide an explanation for the denied refund, nor did the letter mention Plaintiff's rights with respect to appealing the IRS's actions or filing a refund suit in federal court, or the time period in

which Plaintiff must exercise any such rights with respect to its ERC Claim for the tax period ending June 30, 2021. A copy of Letter 387C is attached hereto as Exhibit C.

20.    On or about June 9, 2025, the IRS mailed Letter 206C ("Letter 206C") to Plaintiff regarding its ERC Claim for the tax period ending September 30, 2021. Letter 206C stated "We received your completed Form 3911 . . . and reviewed your account. We have enclosed a copy of the cashed refund check that you inquired about." A copy of Letter 206C is attached hereto as Exhibit D.

21.    On or about June 11, 2025, the IRS mailed Letter 672C ("Letter 672C") to Plaintiff regarding its ERC Claim for the tax period ending March 31, 2021.  Letter 672C stated that "Our records show that a refund . . . has been applied back to your account." Letter 672C did not provide an explanation for the canceled refund, nor did the letter mention Plaintiff's rights with respect to appealing the IRS's actions or filing a refund suit in federal court, or the time period in which Plaintiff must exercise any such rights with respect to its ERC Claim for the tax period ending March 31, 2021. A copy of Letter 672C is attached hereto as Exhibit E.

22.    Because Plaintiff never received or cashed the Q3 ERC Refund Check, Plaintiff responded to Letter 206C by submitting a signed declaration, a signed affidavit, and a completed Form 13818, Claim Against the United States for the Proceeds of an Internal Revenue Refund Check (collectively, the "Form 13818 Submission"). A copy of the Form 13818 Submission is attached hereto as Exhibit F.

**FACTUAL BACKGROUND**

***ASA COLLEGE, INC.***

23.    During 2021, Plaintiff was a private for-profit college based in New York City that provided its students higher education opportunities in the areas of business administration, health

6

disciplines, legal studies, and computer technology. Plaintiff offered its students the chance to earn associates degrees, bachelor's degrees, and professional certificates.

24.     In 2021, Plaintiff had an average of 490 full-time faculty and staff; an average quarterly payroll of over $4 million; and an average quarterly employment tax obligation of nearly $1 million.

## THE CARES ACT

25.     The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27, 2020, provided an ERC that was designed to encourage eligible employers to keep employees on their payroll despite experiencing an economic hardship related to the COVID Pandemic.

26.     Generally, eligible employers were businesses with operations that had been fully or partially suspended due to governmental orders due to COVID-19 or that had a significant decline in gross receipts compared to 2019.

27.     The ERC provided eligible employers with a tax credit against certain employment taxes between March 13, 2020, and December 31, 2020.  The credit was refundable, which means the eligible employers could receive payment of the portion of the credit that exceeded certain employment taxes that were due.

28.     To be eligible, the employer had to 1) have a full or partial suspension of operations due to a government order due to COVID-19 during any quarter in 2020, or 2) have a significant decline in gross receipts, defined, in part, as gross receipts that were less than 50% of gross receipts for the same calendar quarter in 2019.

29.     The wage amount eligible for the credit was 50% of qualified wages. For employers with greater than 100 average full-time employees in 2019, wages paid to employees not providing services were qualified wages.

30.     The maximum ERC available to eligible employers was $5,000 per employee in 2020.

## RELIEF ACT OF 2021

31.     The Relief Act of 2021 extended the periods for which a taxpayer could claim the ERC to January 1, 2021, through June 30, 2021, while also changing the eligibility requirements to define a decline in gross receipts as a quarter where gross receipts were less than 80% of the same quarter in 2019.

32.     The wage amount eligible for the credit in 2021 was 70% of qualified wages. In 2021, for employers with 500 or fewer average full-time employees in 2019, wages paid to employees providing services and not providing services were qualified wages.

33.     This legislation increased the maximum ERC to $7,000 per employee per quarter in 2021.

## AMERICAN RESCUE PLAN ACT OF 2021

34.     The American Rescue Plan Act of 2021 extended the periods for which a taxpayer could claim the ERC to July 1, 2021, through December 31, 2021, while also limiting availability of the ERC in the tax period ending December 31, 2021, to only recovery startup businesses.

35.     The College was not a recovery startup business and did not file a 2021 Form 941-X to claim an ERC refund for the tax period ending December 31, 2021.

36.     The wage amount eligible for the credit during the tax period ending September 30, 2021, remained at 70% of qualified wages.

8

37.    This legislation maintained the maximum ERC to $7,000 per employee for the tax period ending September 30, 2021, for employers that were not recovery startup businesses.

### *EXCEL365 LLC*

38.    In April 2023, Alex Shchegol, as the sole owner of Plaintiff, engaged Excel365 LLC and Bradley Blessing, a former CPA, on behalf of Plaintiff to review Plaintiff's 2019 and 2021 payroll and financial documentation and calculate the amount of ERC for which Plaintiff was qualified.

39.    Excel365 LLC estimated Plaintiff's total ERC refund for all eligible tax periods during 2021 to be $5,804,127. A copy of the "Employee Retention Credit Estimate & Next Steps" that Excel365 LLC prepared for Plaintiff is attached as Exhibit G.

40.    Excel365 LLC prepared Plaintiff's ERC Claims as filed.

41.    Mr. Blessing signed Plaintiff's ERC Claims, as filed.

42.    Mr. Shchegol signed the ERC Claims, as filed, on behalf of, and as the sole owner of, Plaintiff.

### CAUSES OF ACTION

### COUNT 1: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 03/31/2021)

43.    Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

44.    Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $1,905,811.57 for the tax period ending March 31, 2021.

45.    Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending March 31, 2021, and such cancellation was in error.

46.     Defendant denied Plaintiff's ERC Claim for the tax period ending March 31, 2021, and such denial was in error.

47.     Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending March 31, 2021, had been denied.

48.     Although Plaintiff has demanded payment of the ERC refund for the tax period ending March 31, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

49.     Plaintiff has been damaged by Defendant's conduct.

50.     Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $1,905,811.57 as claimed in its ERC Claim for the tax period ending March 31, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

### COUNT 2: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 06/30/2021)

51.     Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

52.     Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $2,212,860.69 for the tax period ending June 30, 2021.

53.     Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending June 30, 2021, and such cancellation was in error.

54.     Defendant denied Plaintiff's ERC Claim for the tax period ending June 30, 2021, and such denial was in error.

55.     Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending June 30, 2021, had been denied.

56.    Although Plaintiff has demanded payment of the ERC refund for the tax period ending June 30, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

57.    Plaintiff has been damaged by Defendant's conduct.

58.    Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $2,212,860.69 as claimed in its ERC Claim for the tax period ending June 30, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

## COUNT 3: FAILURE TO ISSUE ERC REFUND – 26 U.S. CODE § 7422(a)
### (ERC CLAIM – TAX PERIOD ENDING 09/30/2021)

59.    Plaintiff hereby incorporates, repeats and realleges as if fully stated herein each of the allegations of paragraphs 1 through 42.

60.    Plaintiff timely filed its ERC Claim requesting an ERC refund in the amount of $1,853,553.25 for the tax period ending September 30, 2021.

61.    Defendant canceled an ERC refund initially issued to Plaintiff for the tax period ending September 30, 2021, and such cancellation was in error.

62.    Defendant denied Plaintiff's ERC Claim for the tax period ending September 30, 2021, and such denial was in error.

63.    Defendant did not provide a Notice of Disallowance to Plaintiff informing Plaintiff that its ERC Claim for the tax period ending September 30, 2021, had been denied.

64.    Although Plaintiff has demanded payment of the ERC refund for the tax period ending September 30, 2021, no part of the ERC refund claimed for such period has been credited, remitted, refunded or repaid to Plaintiff.

65.    Plaintiff has been damaged by Defendant's conduct.

66.    Plaintiff is entitled to and demands judgment for and ERC refund in the amount of $1,853,553.25 as claimed in its ERC Claim for the tax period ending September 30, 2021, plus interest, that was incorrectly or improperly canceled or denied under 26 U.S.C. § 7422(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ASA College, Inc., respectfully requests this Court to enter judgment in its favor and to order the following relief against Defendant the United States of America:

A.    Order Defendant to pay Plaintiff an ERC refund in the amount of $1,905,811.57 as claimed in Plaintiff's ERC Claim for the tax period ending March 31, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

B.    Order Defendant to pay Plaintiff an ERC refund in the amount of $2,212,860.69 as claimed in Plaintiff's ERC Claim for the tax period ending June 30, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

C.    Order Defendant to pay Plaintiff an ERC refund in the amount of $1,853,553.25 as claimed in Plaintiff's ERC Claim for the tax period ending September 30, 2021, or such other amount as the Court determines may be legally refundable, plus any interest as provided by law;

D.    Award Plaintiff reasonable costs associated with this action, including attorneys' fees and such other expenses as allowed by law and as this Court deems appropriate; and

E.    Grant Plaintiff such other relief to which the Plaintiff may be entitled or as this Court deems appropriate.

Dated: August 7, 2025
     New York, New York

                                      **FROST BROWN TODD LLP**

                                      */s/ Michael P. Richter*

                                      Michael P. Richter
                                      205 E. 42nd Street, Suite 1900
New York, New York 10017
Tel.: (914) 924-2938
Fax: (332) 207-4599
mrichter@fbtlaw.com

Robert C. Webb (*pro hac vice forthcoming*)
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
Tel.: (502) 568-0313
Fax: (502) 581-1087
bwebb@fbtlaw.com

Justin L. Yarnell (*pro hac vice forthcoming*)
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Tel.: (614) 559-7288
Fax: (614) 464-1737
jyarnell@fbtlaw.com

*Attorneys for Plaintiff ASA College, Inc.*

0160089.0801404   4931-7042-5947v1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

———————————————————— :

ASA College, Inc.,                                   :      Case No. 1:25-cv-4412-DG-PCG

             *Plaintiff*                            :

v.                                                             :      **NOTICE OF SUBPOENA DUCES**
                                                               :      **TECUM**
United States of America,                      :

            *Defendant.*                         :

———————————————————— :


TO:    U.S. Department of Justice, Tax Section
        Attn: Anderson P. Heston (Anderson.P.Heston@usdoj.gov)
        One Constitution Square, Room 9715
        1275 1st Street, NE
        Washington, D.C. 20002

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Plaintiff in the above-captioned action, by and through its undersigned counsel, hereby provides

advance notice that Plaintiff intends to serve the subpoena on BPatton Corp. that is enclosed as

Exhibit A hereto.

Dated: March 19, 2026

**FBT GIBBONS LLP**

_/s/ Michael P. Richter_
Michael P. Richter, Esq.
FBT GIBBONS LLP
1 Pennsylvania Plaza, Suite 4515
New York, NY 10119
Phone: (212) 613-2000
mrichter@fbtgibbons.com

Robert C. Webb (_pro hac vice_)
400 W. Market Street, Suite 3200
Louisville, Kentucky 40202
Phone: (502) 568-0313
Fax: (502) 581-1087
bwebb@fbtgibbons.com

Justin L. Yarnell (_pro hac vice_)
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
Phone: (614) 559-7288
Fax: (614) 464-1737
jyarnell@fbtgibbons.com

_Attorneys for Plaintiff_

2